UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ANTONIO CHAVEZ-JUAREZ, | Case No. 3:17-cv-00192-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| NEVADA, STATE OF, *et al.*, | |
| Respondents. | |

## I. SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 in which Respondents have filed a motion to dismiss ("Motion") (ECF No. 19) in response to Petitioner Antonio Chavez-Juarez's first amended petition ("Petition") (ECF No. 15).[1] For reasons discussed below, the Motion is granted.

## II. BACKGROUND AND PROCEDURAL HISTORY

In December 2013, a jury found Chavez-Juarez guilty of sexual assault on a child (count two), four counts of lewdness with a child under the age of 14 (counts three–six), one count of unlawful use of a minor as the subject of a sexual portrayal in a performance (count seven), and one count of possession of visual presentation depicting sexual conduct of a person under 16 years of age (count eight) (ECF No. 21-21).[2] He was found not guilty of one count of sexual assault on a child (count one). *Id.* The state district court sentenced Chavez-Juarez to 35 years to life for count two, 10 years to life for count three

---

[1]The Court has reviewed Petitioner's response (ECF No. 26) and Respondents' reply (ECF No. 28).

[2]Exhibits referenced in this order are exhibits to Respondents' Motion and are found at ECF Nos. 20–22.

1 consecutive to count two, 10 years to life on each count for counts four to seven all

2 concurrent with count three, and 16–72 months for count eight concurrent with count three.

3 (ECF No. 21-26 at 35–36.) Judgment of conviction was filed on February 25, 2014. (ECF

4 No. 28.)

5 The Nevada Supreme Court affirmed Chavez-Juarez's convictions. (ECF No. 22-

6 11.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas

7 corpus petition. (ECF No. 22-34.)

8 Chavez-Juarez dispatched his federal habeas corpus petition for filing in March

9 2017. (ECF No. 6.) This Court granted his motion for appointment of counsel. (ECF No.

10 10.) He filed the Petition through counsel. (ECF No. 15.) Respondents now move to

11 dismiss one ground as unexhausted and two grounds as procedurally barred. (ECF No.

12 19.)

13 **III.    DISCUSSION**

14 **a.    Grounds One and Two and Procedural Default**

15 28 U.S.C. § 2254(d) provides that this Court may grant habeas relief if the relevant

16 state court decision was either: (1) contrary to clearly established federal law, as

17 determined by the Supreme Court; or (2) involved an unreasonable application of clearly

18 established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

19 Procedural default refers to the situation where a petitioner in fact presented a claim

20 to the state courts, but the state courts disposed of the claim on procedural grounds,

21 instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). A federal

22 court will not review a claim for habeas corpus relief if the decision of the state court

23 regarding that claim rested on a state law ground that is independent of the federal

24 question and adequate to support the judgment. *Id.*

25 The *Coleman* Court explained the effect of a procedural default:

26 In all cases in which a state prisoner has defaulted his federal claims in state
court pursuant to an independent and adequate state procedural rule,
27 federal habeas review of the claims is barred unless the prisoner can
demonstrate cause for the default and actual prejudice as a result of the

28

2

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

In ground one, Chavez-Juarez asserts that the trial court's admission of his inculpatory statements obtained during a custodial interrogation without *Miranda* protections violated his Fifth, Sixth, and Fourteenth Amendment rights to be free from self-incrimination. (ECF No. 15 at 13–15.) In ground two, Chavez-Juarez argues that the state's witness advocate coached victim A.C. during her testimony, in violation of Chavez-Juarez's Fifth and Fourteenth Amendment due process rights. (*Id.* at 15–16.) Chavez-Juarez raised these claims for the first time in his state postconviction proceedings. (ECF No. 33-32 at 4–9, ECF No. 32-34 at 1–2.) The Nevada Court of Appeals affirmed their denial as procedurally barred because they could have been raised in his direct appeal. (ECF No. 32-34 at 2–5); *see also* NRS 34.810(1)(b).

Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case—NRS 34.810—is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal grounds one

1 and two were procedurally barred under NRS 34.810(1)(b) was an independent and

2 adequate ground to affirm the denial of the claims in the state petition.

3 Chavez-Juarez argues that he can show cause and prejudice to excuse the default.

4 (ECF No. 26 at 8–12.) Respondents are correct that Chavez-Juarez only addresses cause

5 and prejudice with respect to federal ground one.

6 Chavez-Juarez acknowledges that he cannot now assert ineffective assistance of

7 appellate counsel as the basis for cause for failure to raise the *Miranda* issue on direct

8 appeal because he did not raise this in the state courts as an independent claim. (ECF

9 No. 26 at 8); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) (citing *Murray*, 477 U.S. at

10 488–489). Instead, he argues that his appellate counsel's actions in this case actually

11 amounted to abandonment. (ECF No. 26 at 8.)

12 Chavez-Juarez points to *Maples v. Thomas*, 565 U.S. 266 (2012) in which the

13 Supreme Court held that counsel's conduct there constituted client abandonment. In

14 *Maples*, two attorneys from a large, New York law firm represented an Alabama prisoner

15 on death row. *Id.* at 274–280. When they moved on to other employment they failed to

16 move to withdraw as counsel, or to contact their client Maples in any way. *Id.* In the

17 meantime, unbeknown to Maples, his state postconviction petition was denied, and he

18 missed the deadline to appeal. *Id.* The Supreme Court concluded that the attorneys wholly

19 abandoned their client without notice and occasioned the default. *Id.* at 289. The Court

20 held that such abandonment constituted cause. *Id.* at 290. Chavez-Juarez also discusses

21 *Bradford v. Davis*, in which the Ninth Circuit Court of Appeals held that a petitioner

22 established cause where his counsel filed multiple requests for extension of time and

23 requests for preparation funds, but never filed a state habeas petition nor moved to

24 withdraw as counsel. (ECF No. 26 at 9); *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir.

25 2019).

26 Here, Chavez-Juarez's trial counsel litigated a motion to suppress his statements

27 to police, and the state district court denied the motion. (ECF No. 20-40.) Chavez-Juarez

28 argues that his appellate counsel abandoned him when he failed to challenge the denial

4

of the motion to suppress on appeal. (ECF No. 26 at 9–12.) Respondents point out that appellate counsel filed a 26-page brief that raised two claims—a *Batson* claim and a claim that the district court relied on improper factors at sentencing. (ECF No. 19 at 2, ECF No. 22-7 at 20, 28.)

The Court notes that appellate counsel has no duty to raise every nonfrivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). This Court disagrees that counsel declining to raise an issue here constitutes client abandonment. The situation is readily distinguished from that in *Maples* and *Bradford*, where counsel utterly failed to act, failed to contact the petitioner, and failed to move to withdraw so that the client would even have notice of such failure to act on his behalf. Despite Chavez-Juarez's attempt to re-characterize his argument as one of attorney abandonment, his complaint is in fact that his appellate counsel was ineffective for failing to raise the *Miranda* issue on appeal. Chavez-Juarez has not presented such an ineffective assistance of counsel claim to the state courts, and it cannot provide cause here.

Accordingly, Chavez-Juarez has failed to demonstrate good cause and actual prejudice to excuse the procedural default of grounds one and two. Thus, these grounds are dismissed as procedurally barred from federal habeas review.

**b.      Ground Four and Exhaustion/Technical Exhaustion/Anticipatory Default**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

1    In ground four, Chavez-Juarez sets forth the underlying claim implicated with

2    respect to grounds one and two above—that appellate counsel rendered ineffective

3    assistance in violation of his Sixth Amendment rights when he failed to raise the *Miranda*

4    issue on direct appeal. (ECF No. 15 at 19–20.) As noted, Chavez-Juarez acknowledges

5    that ground four was not raised in his state postconviction proceedings and is, therefore,

6    unexhausted. (ECF No. 26 at 8.) He insists that this ground should, therefore, be viewed

7    as technically exhausted and that he can overcome the default due to ineffective

8    assistance of postconviction counsel. (*Id.* at 12–14.)

9        The Court in *Coleman* held that ineffective assistance of counsel in postconviction

10   proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501

11   U.S. at 750. However, in *Martinez v. Ryan*, 566 U.S. 1 (2012)the Court subsequently held

12   that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a

13   state postconviction proceeding, may establish cause to overcome a procedural default in

14   specific, narrowly-defined circumstances. The Court explained that *Martinez* established

15   a "narrow exception" to the *Coleman* rule:

16           Where, under state law, claims of ineffective assistance of trial counsel must
             be raised in an initial-review collateral proceeding, a procedural default will
17           not bar a federal habeas court from hearing a substantial claim of ineffective
             assistance at trial if, in the initial-review collateral proceeding, there was no
18           counsel or counsel in that proceeding was ineffective.

19   *Martinez*, 566 U.S. at 17.

20       In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided

21   guidelines for applying *Martinez*, summarizing the analysis as follows:

22           To demonstrate cause and prejudice sufficient to excuse the procedural
             default, therefore, *Martinez* . . . require[s] that Clabourne make two
23           showings. First, to establish "cause," he must establish that his counsel in
             the state postconviction proceeding was ineffective under the standards of
24           *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires
             him to establish that both (a) post-conviction counsel's performance was
25           deficient, and (b) there was a reasonable probability that, absent the
             deficient performance, the result of the post-conviction proceedings would
26           have been different. Second, to establish "prejudice," he must establish that
             his "underlying ineffective-assistance-of-trial-counsel claim is a substantial
27           one, which is to say that the prisoner must demonstrate that the claim has
             some merit."

28

*Clabourne*, 745 F.3d at 377 (citations omitted).

In *Davila v. Davis*, the Supreme Court declined to extend the rule announced in *Martinez* to allow a federal court to hear substantial, but procedurally defaulted, claims of ineffective assistance of appellate counsel when state postconviction counsel ineffectively failed to raise that claim. *Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017). Chavez-Juarez argues that *Davila* was wrongly decided. (ECF No. 26 at 13–14.) Nonetheless, in light of *Davila*, ineffective assistance of state postconviction counsel cannot provide cause to excuse procedural default of a claim of ineffective assistance of appellate counsel. Accordingly, ground four is dismissed as procedurally barred.

**IV.   CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 19) is granted. Grounds one, two, and four are dismissed.

It is further ordered that Respondents will have 60 days from the date this order is entered within which to file an answer to the remaining ground in the petition.

It is further ordered that Petitioner will have 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 25) is granted *nunc pro tunc*.

DATED THIS 4th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE